# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ERIC RODRIGUEZ, #57361-177 | § |
| | § |
| v. | §  CIVIL ACTION NO. 3:24-CV-2278-S |
| | § |
| UNITED STATES OF AMERICA | § |

### MEMORANDUM OPINION AND ORDER

Before the Court is Movant Eric Rodriguez's Motion for Resentencing Pursuant to 28 U.S.C. § 2255 ("Motion") [ECF No. 1]. After reviewing the Motion, the Court's Order Requiring Movant to Respond Regarding the Statute of Limitations ("Order") [ECF No. 4], Movant's Motion to File His Reply to the Order ("Response") [ECF No. 7], and the applicable law, the Motion is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### I. BACKGROUND

Movant was charged with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *See* CR ECF No. 1.[1] He pled guilty to the single-count indictment on August 23, 2018. *See* CR ECF No. 16. On February 1, 2019, the Court entered its judgment sentencing Movant to 78 months of imprisonment, to be followed by three years of supervised release. *See* CR ECF No. 36 at 1-3. Movant did not appeal his conviction or his sentence.

Movant asserts one ground for relief in the Motion: that "an intervening change in law" establishes that Movant is "actually innocent of his conviction . . . as the firearm he possessed was for self-defense purposes[.]" Mot. 2-3 (citing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). Because the Motion appeared untimely, the Court ordered Movant to respond regarding the application of the one-year limitations period for Section 2255 motions. *See* Order.

---

[1] ECF filings from the related criminal case (3:18-CR-0356-S-1) will be referred to as "CR ECF."

In his Response, Movant acknowledges that the Court "is factually correct in alleging that [the Motion] is untimely," but argues that the "procedural default is excused under the 'actual innocence' exception" to the applicable statute of limitations.[2] Resp. 2; *see also id.* at 3-7.

## II. ANALYSIS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). Section 2255 states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege that government action prevented him from filing a Section 2255 motion earlier, and states that "he filed his [Motion] more than a year after the facts supporting the claims in his [Motion] could have been discovered through the exercise of due diligence." Resp. 3. The Motion therefore does not trigger a limitations date pursuant to Section 2255(f)(2) or Section 2255(f)(4).

---

[2] In the Response, Movant also restates his single ground for relief as follows: "[Movant] was deprived of a fair trial because he did not understand the scope of the convicting statute. Thus, his guilty plea facilitated the guilty verdict of someone who is actually innocent." Resp. 1.

Movant's conviction became final pursuant to Section 2255(f)(1) on February 15, 2019, when the 14-day period for appealing his criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for Section 2255 purposes upon the expiration of the time to file an appeal). Movant therefore must have filed a motion pursuant to Section 2255(f)(1) by February 15, 2019. *See* 28 U.S.C. § 2255(f)(1). Movant filed the Motion no earlier than July 25, 2024, the date he signed the Motion.[3] *See* Mot. 9, 12-13. The Motion is therefore untimely under Section 2255(f)(1) because Movant did not file it until over four years after the limitations period expired.

Regarding Section 2255(f)(3), Movant seeks habeas relief under this subsection "[i]n the wake of an intervening change in law by the U.S. Supreme Court" in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*. Mot. 1 (citing 597 U.S. 1 (2022)). Movant argues that *Bruen* "created a newly recognized right." Resp. 3. Even if the Supreme Court's decision in *Bruen* set forth a newly recognized right made retroactively applicable to cases on collateral review, *Bruen* was decided on June 23, 2022, so a timely habeas action relying on it must have been brought by June 23, 2023. *See* 28 U.S.C. § 2255(f)(3). Movant did not file the Motion until over a year after any limitations period premised on *Bruen* would have expired. *See* Mot. 1, 9.

Accordingly, in the absence of equitable tolling or an applicable exception to the limitations period, the Motion is untimely. The Court addresses both exceptions below.

---

[3] "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (citing *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011)). Although it is not clear from the record when Movant placed the motion in the prison mailing system, the Court assumes, in Movant's favor, that he placed it in the prison mailing system on the same day that he signed and dated it rather than a later date.

### *A. Equitable Tolling*

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A movant bears the burden to show entitlement to equitable tolling. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine "each case on its facts" to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant states in the Response that the Motion "must be entitled to equitable tolling," because *Bruen* "created a newly recognized right" as required by Section 2255(f)(3). Resp. 3 (citing 597 U.S. 1). Movant recognizes that "he relies only on federal statutes to prove that his conduct is not prohibited by law and the [G]overnment is well aware that a movant is prohibited from citing or arguing law in a § 2255 motion." *Id.* at 3.[4] Movant appears to be referring to the statutory provision under which he was convicted in the underlying criminal proceedings,

---

[4] Movant also contends that "the presentation of new evidence is not a prerequisite to the bringing of a claim under §2255," an issue that does not appear to be in dispute or relevant to equitable tolling. Resp. 4.

4

18 U.S.C. § 922(g)(1). *See id.* at 5, 7.[5]

Movant does not offer facts nor evidence to explain the delay in challenging the constitutionality of his statute of conviction between the decision in *Bruen*, "decided on June 23, 2022," and the filing of the Motion "on September 5, 2024." Resp. 3. He also does not allege facts suggesting or showing that any extraordinary circumstance prevented a timely filing. Further, to the extent Movant argues actual innocence as a basis for equitably tolling the limitations period, a claim of actual innocence is not sufficient to warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). As such, Movant has not carried his burden to establish circumstances meriting equitable tolling.

### *B. Actual Innocence*

The Court next analyzes Movant's argument based on actual innocence. Relying on *Bruen* and applying the test set forth therein to his statutory offense of conviction, Movant contends that the untimeliness of the Motion "is excused under the 'actual innocence' exception" to a procedural default. Resp. 2. His claim appears to be premised on the argument central to the Motion that Section 922(g)(1) is unconstitutional because it violates the Second Amendment. *See id.* at 5-6; Mot. 2-3.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In other words, a successful innocence claim allows a movant "to proceed on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). In *McQuiggin*, the Supreme Court determined that the one-year statute of limitations for Section

---

[5] Movant argues in the Motion that his Second Amendment Rights "were violated because Section 922(g)(1)" is unconstitutional per *Bruen*; thus, the conviction "must be vacated" and the indictment must be "dismissed with prejudice." Mot. 3.

5

2255 motions could be overcome by a showing of actual innocence. 569 U.S. at 400-01.[6] A credible claim of actual innocence to excuse the untimeliness of a habeas petition "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Vannoy*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). A movant must persuade a district court that it is more likely than not that no reasonable factfinder would have convicted the movant in light of the new evidence and the evidence presented at trial. *Id.* "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401).

There is a split among district courts about whether *McQuiggin* applies where a movant pleaded guilty, as is the case here. *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if it does, Movant's claim fails. Here, Movant premises his actual innocence claim on the purported "new evidence," which is the alleged the unconstitutionality of Section 922(g)(1) in the wake of *Bruen*. *See* Resp. 4-7. But the United States Court of Appeals for the Fifth Circuit has addressed and rejected facial and as-applied constitutional challenges to Section 922(g)(1) under *Bruen*. *See, e.g., United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024). Movant does not deny that he engaged in the conduct for which he was convicted under Section 922(g)(1), and considering binding case law, his allegations also fail to establish that said conduct is no longer criminal such that he could establish actual innocence of his offense of conviction. *See, e.g., United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) ("Actual innocence means 'factual innocence, and not mere legal insufficiency.'"). Movant

---

[6] The *McQuiggin* Court noted that "untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence." 569 U.S. at 401.

6

therefore fails to show that he is actually innocent based on the alleged unconstitutionality of Section 922(g)(1).

Accordingly, even if *McQuiggin* applies to guilty plea cases, Movant fails to support his gateway claim of actual innocence with new evidence and fails to show that it was more likely than not, in light of such new evidence, that no reasonable factfinder would have found him guilty beyond a reasonable doubt. Movant is thus not entitled to the actual innocence exception to the applicable limitations period, and the Motion is time-barred.

### III. CONCLUSION

For the above reasons, Movant Eric Rodriguez's Motion for Resentencing Pursuant to 28 U.S.C. § 2255 ("Motion") [ECF No. 1], received on September 5, 2024, is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

**SO ORDERED.**

SIGNED January 5, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**